UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANJITHA SUBRAMANYA, individually and on behalf of a class of those similarly situated, 725 Mill Crossing Dr. Westerville, Ohio 43082 | : : : : : : | Case No. _____ |
| Plaintiff, | : : | Judge _____ |
| v. | : : | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES 20 Massachusetts Ave., NW Washington, D.C. 20001 | : : : : : | VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY |
| and | : : | RELIEF AND WRIT OF MANDAMUS |
| KEN CUCCINELLI, in his official capacity as the Acting Director of U.S. Citizenship and Immigration Services 20 Massachusetts Ave., NW Washington, D.C. 20001 | : : : : : : : | |
| and | : : | |
| ERNEST DESTEFANO, in his official capacity as the Chief of the Office of Intake and Document Production, USCIS 20 Massachusetts Ave., NW Washington, D.C. 20001 | : : : : : : : | |
| Defendants. | : | |

1. This putative class action Complaint seeks temporary, preliminary and permanent mandatory injunctive relief, declaratory relief, and a writ of mandamus to compel Defendants to perform their clear legal duty to issue Employment Authorization Documents ("EADs") to Plaintiff and class members after approving their Applications for Employment Authorization.

Because USCIS has significantly slowed and/or stopped printing EADs, which are essential for Plaintiff and approximately 75,000 putative class members to obtain or keep their jobs, Plaintiff seeks emergency relief that requires Defendants to print and issue the EADs immediately, and in no event later than seven days from the date of the Court's order.

2. Below are images of an exemplar EAD that is available on USCIS's website:[1]

 

3. Section 274a.13(b) of Title 8 of the Code of Federal Regulations imposes a clear and non-discretionary legal duty on Defendant United States Citizenship and Immigration Services (USCIS) to issue an EAD to every successful applicant for employment authorization: "If the application is granted, the alien ***shall be*** notified of the decision and ***issued an employment authorization document*** valid for a specific period and subject to any terms and conditions as noted." 8 C.F.R. § 274a.13(b) (emphasis added).

4. It is necessary for USCIS to issue EADs because its mere approval of Applications for Employment Authorization is legally insufficient to confer permission to work on Plaintiff and class members. Instead, aliens must provide employers with a valid and unexpired EAD issued by Defendants before they can be lawfully hired or allowed to continue their employment.

---

[1] These images were downloaded from the following URL on July 21, 2020: https://www.uscis.gov/i-9-central/form-i-9-acceptable-documents

5. Historically, Defendants have printed and issued EADs promptly after approving an alien's Application for Employment Authorization, typically within 48 hours after approval.

6. Recently, however, Defendants have significantly slowed and/or stopped issuing EADs, thereby causing irreparable injury to Plaintiff and class members.

7. For example, USCIS approved Plaintiff's application to extend her H-4 status and employment authorization on April 7, 2020, but Defendants unlawfully failed to issue her an EAD after approving her application. As a result, Plaintiff was forced to stop working for her employer after her initial EAD expired on June 7, 2020. To date, she still has not received her EAD and she remains unable to work. Worse, her employer has notified her that she will lose her job if she does not provide proof of employment authorization by August 9, 2020.

8. Defendants reportedly have not provided Plaintiff and class members the EADs to which they are legally entitled because they terminated USCIS's printing contract with a third party, without having any intention or plan to replace that printing contract with another contract or method that would allow Defendants to print and issue EADs in a timely manner.

9. Defendants' deliberate and intentional decision to significantly slow or stop providing EADs to aliens after approving their Applications for Employment Authorization is arbitrary, capricious and in violation of the laws and Constitution of the United States.

10. This Court is authorized by the Administrative Procedure Act, 5 U.S.C. § 551 et seq. and the Mandamus Act, 28 U.S.C. § 1361, to issue an order compelling Defendants to issue EADs to Plaintiff and class members.

11. By delaying or refusing to provide EADs to Plaintiffs and class members, Defendants have abused their power in an egregious and outrageous manner, without any reasonable justification in the service of a legitimate governmental objective, and with either an

intention to harm Plaintiff and class members or deliberate indifference. Defendants have thereby violated the guarantee of substantive due process inherent in the Due Process Clause of the Fifth Amendment to the United States Constitution.

12. Defendants' actions and failures to act have intentionally, deliberately and/or willfully inflicted irreparable harm on Plaintiff and class members, who are unable to work despite having been granted employment authorization, solely because of the lack of an EAD.

13. Under the foregoing laws and the Constitution of the United States, this Court should issue a mandatory temporary restraining order, writ of mandamus, preliminary and permanent injunctive relief, and declaratory relief that compels Defendants to issue EADs to Plaintiff and class members immediately, and in no event later than seven calendar days after the date of the Court's order.

## PARTIES

14. Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

15. Plaintiff Ranjitha Subramanya is a native and citizen of India. Plaintiff was admitted to the United States as an H-1B nonimmigrant to work at Nationwide Insurance. Plaintiff applied for, and was granted a change of nonimmigrant status to H-4, a nonimmigrant dependent of Vinod Simha, her husband. Plaintiff's husband is an employee of American Electric Power and the recipient of a lawfully-extended H-1B nonimmigrant petition. Both Plaintiff's husband and Plaintiff are in valid H-1B and H-4 status, respectively. Their status is valid until June 7, 2023.

16. Defendant United States Citizenship and Immigration Services is charged with the statutory duty to adjudicate benefits pursuant to the Immigration and Nationality Act, 8 U.S.C. §1101 et. seq. This duty includes the clear and non-discretionary legal obligation to issue an

Employment Authorization Document (EAD) following approval of an Application for Employment Authorization. 8 C.F.R. § 274a.13(b).

17. Defendant Ken Cuccinelli is the Acting Director for the United States Citizenship and Immigration Services and this action is brought against him in his official capacity. Defendant Cuccinelli is generally charged with the duty to oversee the operations of USCIS and is responsible for ensuring that USCIS fairly and reasonably adjudicates applications for benefits pursuant to the Immigration and Nationality Act. He is also responsible for ensuring that USCIS complies with all of its legal obligations, including its clear and non-discretionary duty to issue EADs after it approves Applications for Employment Authorization. 8 C.F.R. § 274a.13(b).

18. Ernest DeStefano, is the Chief of the Office of Intake and Document Production of USCIS, and has supervisory authority over the ministerial operations to produce and mail secure identity documents, such as Permanent Resident Cards and Employment Authorization Documents. This action is brought against him in his official capacity.

## JURISDICTION

19. Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

20. This Court has subject-matter jurisdiction of this action under 5 U.S.C. § 702 and 28 U.S.C. §§ 1331, 1361, and 1651.

## VENUE

21. Venue is proper in this district and division under 28 U.S.C. § 1391(e)(1).

**FACTUAL BACKGROUND**

22. Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

23. Plaintiff timely applied for an extension of her H-4 nonimmigrant status and an extension of her employment authorization on December 23, 2019. True and accurate copies of the receipts for these applications are attached to this Complaint as Exhibit A.

24. Plaintiff received notice of an Application Support Center appointment on January 17, 2020 and appeared for this appointment to permit the USCIS to capture her biometric identifiers. A true and accurate copy of the Notice of Appointment is attached to this Complaint as Exhibit B.

25. Plaintiff's applications to extend nonimmigrant H-4 status and Employment Authorization were approved by USCIS on April 7, 2020. The approval notices, true and accurate copies of which are attached to the Complaint as Exhibit C, extended Plaintiff's H-4 status and work authorization until June 7, 2023. However, Defendants have failed and refused to issue the physical card, which is the only document sufficient to provide evidence of employment authorization to an employer.

26. Generally, the EAD is produced and sent to the applicant within 48 hours of the approval. It has been over 105 days since USCIS approved Plaintiff's application and Defendant still has not printed and sent the EAD to Plaintiff.

27. On May 4, 2020, Plaintiff, through counsel, filed an inquiry regarding the non-delivery of the EAD through Defendants' E-Request, an on-line inquiry system. The inquiry was assigned ID number SR11252000620NSC, and the automated response to counsel stated that a response would be issued by May 26, 2020.

28. The promised response time, before May 26, 2020, was very close to the expiration of Plaintiff's existing EAD on June 7, 2020. Plaintiff therefore called the USCIS Contact Center on May 14, 2020 to make a further inquiry and was told by the USCIS officer that she would receive the EAD before the end of May.

29. In the meantime, USCIS processed the inquiry from counsel submitted on May 4, 2020. On May 18, 2020, the inquiry was assigned to an officer and a response was forwarded to counsel. That response, a true and accurate copy of which is attached to the Complaint as Exhibit D, states that the matter was under review, and a minimum of 60 days was required for this review.

30. This unsatisfactory answer prompted Plaintiff to again contact USCIS on May 20, 2020. Plaintiff was told that the inquiry was recorded on May 18, 2020, and the application was being reviewed. Plaintiff was not informed of the expected delivery date of her EAD.

31. On May 28, 2020, Plaintiff again contacted USCIS to check the status of her EAD. Plaintiff was told that applicants are expected to allow a minimum of 60 days from the date USCIS responded to an inquiry to process/review the request. Plaintiff was told that agents are unable to escalate an inquiry until the 60 days has lapsed. Defendants, through their respective agents, have never provided any explanation for the delay in the creation of this EAD.

32. On June 1, 2020, Plaintiff's counsel inquired of Senator Rob Portman's office about the status of Plaintiff's EAD.

33. On June 2, 2020, Senator Portman advised Plaintiff through her counsel that "[u]nfortunately, according to [USCIS] officials, while your I-765 was approved on April 7, 2020, there are significant delays at this time in card production. USCIS is unable to expedite the production of EAD cards."

34. Plaintiff's existing EAD expired on June 7, 2020 and she became unable to provide the required evidence of her employment authorization, notwithstanding USCIS's approval of her application for employment authorization on April 7, 2020.

35. Plaintiff's employer has advised her that it will terminate her employment on August 9, 2020, if she has not produced valid proof of employment authorization by that time.

36. On June 10, 2020, Senator Rob Portman's office submitted a follow-up inquiry on Plaintiff's behalf to USCIS. On July 21, 2020, Senator Portman advised Plaintiff through her counsel that "[u]nfortunately, according to [USCIS] officials, they are far behind in card production. We are aware that your I-765 was approved on April 7, 2020, however, USCIS says that they are unable to expedite the printing of your card."

37. On June 12, 2020, Plaintiff again contacted USCIS to check the status of her EAD. Plaintiff once again was told that applicants are expected to allow a minimum of 60 days from the date USCIS responded to an inquiry to process/review the request. Plaintiff was again told that agents are unable to escalate an inquiry until the 60-day period has lapsed.

38. Despite Plaintiff's timely application for extension of employment authorization benefits and subsequent USCIS approval and extensive efforts to implore USCIS to issue the EAD, Plaintiff has not received either an explanation of why the EAD has not been issued or when she might expect it to be issued. Without a valid EAD, Plaintiff is unable to provide satisfactory evidence of her employment authorization to meet the I-9 requirements as set forth in 8 U.S.C. §1324a(b)(1)(C), and is imminent jeopardy of losing her job.

39. Plaintiff has not had access to gainful employment since June 7, 2020, when her employment authorization expired. If Plaintiff's EAD is promptly issued by order of this Court and received prior to August 9, 2020, Plaintiff will be eligible to return to work at her place of

previous employment as an H-4 nonimmigrant with employment authorization. If not, then Plaintiff will be irreparably harmed by the permanent loss of her employment.

## CLASS ALLEGATIONS

40. Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

41. Pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and the following nationwide class:

> All aliens who reside in the United States and have submitted an Application for Employment Authorization that has been approved by USCIS, but who have not received an EAD.

42. The proposed class is so numerous that joinder of all of its members is impracticable. On information and belief, USCIS reportedly has a backlog of at least 75,000 unprinted EADs.

43. There are numerous questions of law and fact that are common to the individual Plaintiff and class members, including:

   a. Whether Defendants have significantly slowed and/or stopped issuing EADs after approving Applications for Employment Authorization;

   b. Whether Defendants failed to issue EADs to Plaintiff and class members because they terminated USCIS's printing contract with a third party, without having any intention or plan to replace that printing contract with another contract or method that would allow Defendants to print and issue EADs in a timely manner;

   c. Whether Defendants' actions and failures to act have caused irreparable injury to Plaintiff and class members;

d. Whether Defendants' failure to issue EADs to Plaintiff and class members violates 8 C.F.R. § 274a.13(b);

e. Whether Defendants' failure to issue EADs to Plaintiff and class members violates 5 U.S.C. § 555(b);

f. Whether Defendants' failure to issue EADs to Plaintiff and class members constitutes final agency action;

g. Whether Defendants failed to take a discrete agency action that they are required to take;

h. Whether Defendants' failure to issue EADs to Plaintiff and class members is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

i. Whether Defendants' failure to issue EADs to Plaintiff and class members is contrary to a constitutional right, power, privilege, or immunity, including the substantive due process guarantee inherent in the Due Process Clause of the Fifth Amendment to the United States Constitution;

j. Whether Defendants have abused their power in an egregious and outrageous manner, without any reasonable justification in the service of a legitimate governmental objective, and with either an intention to harm Plaintiff and class members or deliberate indifference;

l. Whether Defendants' failure to issue EADs to Plaintiff and class members is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    m.    Whether this Court should compel Defendants to issue EADs, which action has been unlawfully withheld and/or unreasonably delayed;

    n.    Whether this Court should hold that Defendants acted unlawfully when they failed to issue EADs to Plaintiff and class members;

    o.    Whether Plaintiff and class members have a clear right to relief;

    p.    Whether Defendants have a clear, non-discretionary, mandatory and ministerial legal duty to issue EADs to Plaintiff and class members;

    q.    Whether no other adequate remedy is available to Plaintiff and class members; and

    r.    Whether this Court should issue a mandatory temporary restraining order, emergency writ of mandamus, preliminary and permanent injunctive relief, and/or declaratory relief requiring Defendants to issue EADs to Plaintiff and class members immediately, and in no event later than seven days after the Court's order.

44. Plaintiff's claims are typical of the claims asserted by the entire class.

45. Plaintiff will fairly and adequately protect the interests of the class. There is no actual or potential conflict between members of the class with respect to the relief sought in this lawsuit. Moreover, Plaintiff is represented by a law firm and attorneys who are well-experienced with class actions.

46. Defendants are acting or refusing to act on grounds generally applicable to the class, making appropriate temporary, mandamus, injunctive and corresponding declaratory relief with respect to the class as a whole.

## COUNT ONE
### (Administrative Procedure Act, 5 U.S.C. § 706(1))

47. Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

48. Pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1), this Court shall compel agency action that has been unlawfully withheld or unreasonably delayed.

49. Defendants are required to issue EADs to Plaintiff and class members after approving their Applications for Employment Authorization.

50. Until recently, Defendants issued EADs promptly after approving an alien's Application for Employment Authorization, typically within 48 hours after that approval.

51. Recently, however, Defendants significantly slowed and/or stopped issuing EADs after approving Applications for Employment Authorization, thereby causing irreparable injury to Plaintiff and class members.

52. For example, USCIS approved Plaintiff's application to extend her H-4 status and employment authorization on April 7, 2020, but Defendants did not issue her an EAD.  As a result, Plaintiff was forced to stop working for her employer after her initial EAD expired on June 7, 2020.  To date, she still has not received her EAD, she remains unable to work, and her employment will be terminated if she does not provide a valid EAD by August 9, 2020.

53. Defendants reportedly have not provided Plaintiff and class members the EADs to which they are legally entitled because they terminated USCIS's printing contract with a third party, without having any intention or plan to replace that printing contract with another contract or method that would allow Defendants to print and issue EADs in a timely manner.

54. Defendants have failed to take a discrete and non-discretionary agency action that they are required to take.

55. Defendants' failure to act constitutes final agency action because USCIS has concluded its decision-making process and its approval of Applications for Employment Authorization have determined the rights and obligations of Plaintiff and class members.

56. Plaintiff and class members have no other adequate remedy in court to redress Defendants' refusal to issue and/or unreasonable delay in issuing their EADs.

57. Defendants' failure to issue EADs has caused and will imminently cause substantial and concrete harm to Plaintiff and class members, who have lost or will lose the ability to work as a result of Defendants' unlawful actions and/or failure to act.

58. Plaintiff seeks, on behalf of herself and the class, a mandatory temporary restraining order and preliminary and permanent injunctive relief that requires Defendants to issue EADs to Plaintiff and class members immediately, and in no event later than seven days after the date of the Court's order.

59. Plaintiff further seeks a declaration that Defendants have violated their obligations to comply with 8 C.F.R. § 274a.13(b).

60. Plaintiff further seeks an award of reasonable attorneys' fees and costs.

### COUNT TWO
### (Writ of Mandamus, 28 U.S.C. § 1361)

61. Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

62. Pursuant to 28 U.S.C. § 1361, this Court has original jurisdiction of this action in the nature of mandamus to compel Defendants, who are an agency, officers or employees of the United States, to perform a duty owed to Plaintiff and class members.

63. Plaintiff has a clear legal right under 8 C.F.R. § 274a.13(b) to be issued an EAD valid for the period specified on Plaintiff's I-797 after approval of the Application for Employment

Authorization has been granted. The regulation provides in relevant part: "If the application is granted, the alien shall be notified of the decision and issued an employment authorization document valid for a specific period…"

64. Class members have a clear legal right under 8 C.F.R. § 274a.13(b) to be issued an EAD valid for the applicable or specified period after approval of their Applications for Employment Authorization have been granted.

65. Defendants have a clear legal duty to conclude matters within a reasonable time under 5 U.S.C. § 555(b), which provides in relevant part: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

66. Defendants have a clear legal duty to complete proceedings within a reasonable time under 5 USC § 558(c), which provides in relevant part: "The agency, with due regard for the rights and privileges of all the interested parties and adversely affected persons and within a reasonable time, shall set and complete proceedings required to be conducted in accordance with sections 556 and 557 of this title or other proceedings required by law…" 5 U.S.C. § 558(c).

67. Plaintiff and class members have no other adequate remedy to redress Defendants' refusal and/or unreasonable delay in issuing their EADs.

68. Defendants' failure to issue EADs have caused and will imminently cause substantial and concrete harm to Plaintiff and class members, who have lost or will lose the ability to work as a result of Defendants' unlawful actions and/or failure to act.

69. Plaintiff seeks, on behalf of herself and the class, a writ of mandamus that requires Defendants to issue EADs to Plaintiff and class members immediately, and in no event later than seven days after the date of the Court's order.

70. Plaintiff further seeks an award of reasonable attorneys' fees and costs.

**COUNT THREE**
**(Administrative Procedure Act, 5 U.S.C. § 706(2) and the Due Process Clause of the Fifth Amendment to the United States Constitution (Substantive Due Process))**

71. Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

72. Pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2), this Court shall hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; or (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

73. The Due Process Clause of the Fifth Amendment to the United States Constitution provides: "No person shall be … deprived of life, liberty, or property, without due process of law." This Clause has been interpreted to include a right to substantive due process.

74. Plaintiff and class members have a liberty interest in the right to lawful employment.

75. Once their Applications for Employment Authorization have been approved by Defendants, Plaintiff and class members have a property interest in their EADs.

76. Defendants reportedly have not provided Plaintiff and class members the EADs to which they are legally entitled because they terminated USCIS's printing contract with a third party, without having any intention or plan to replace that printing contract with another contract or method that would allow Defendants to print and issue EADs in a timely manner.

77. Defendants' actions and failures to act have intentionally, deliberately and/or willfully inflicted irreparable harm on Plaintiff and class members, who are unable to work despite having been granted employment authorization, solely because of the lack of an EAD.

78. Defendants' deliberate, willful and unlawful refusal to print and issue EADs has deprived Plaintiff and class members of their liberty interest in the right to lawful employment and their property interest in their EADs.

79. Defendants' deliberate, willful and unlawful refusal to print and issue EADs to Plaintiff and class members, thereby depriving them of rights protected by the Fifth Amendment to the United States Constitution, constitutes an egregious and outrageous abuse of governmental power that shocks the conscience.

80. Defendants' deliberate, willful and unlawful refusal to print and issue EADs is without any reasonable justification in the service of a legitimate governmental objective.

81. Defendants' deliberate, willful and unlawful refusal to print and issue EADs is either motivated by an intention to harm Plaintiff and class members or constitutes deliberate indifference.

82. Defendants' failure to issue EADs has caused and will imminently cause substantial and concrete harm to Plaintiff and class members, who have lost or will lose the ability to work as a result of Defendants' unlawful actions and/or failure to act.

83. Plaintiff seeks, on behalf of herself and the class, a mandatory temporary restraining order and preliminary and permanent injunctive relief that requires Defendants to issue EADs to Plaintiff and class members immediately, and in no event later than seven days after the date of the Court's order.

84. Plaintiff further seeks a declaration that Defendants have violated the guarantee of substantive due process inherent in the Due Process Clause of the Fifth Amendment to the United States Constitution.

85. Plaintiff further seeks an award of reasonable attorneys' fees and costs.

## IRREPARABLE HARM / INADEQUATE REMEDY AT LAW

86. Plaintiff incorporates the allegations in the foregoing paragraphs as if they were fully restated herein.

87. Defendants' refusal and/or failure to issue EADs to Plaintiff and class members have deprived and will deprive them of lawful employment and the benefits thereof, including but not limited to wages, income, health insurance, other benefits, and the ability to provide financial support for themselves and their families.

88. Plaintiff and class members have been and will be irreparably harmed because they cannot sue Defendants for monetary damages that would make them whole for lost employment opportunities and benefits.

89. Plaintiff and class members cannot be adequately compensated for these harms in an action at law for money damages.

WHEREFORE, Plaintiff respectfully prays as follows:

   a) The Court enter a mandatory temporary restraining order that requires Defendants to issue EADs to Plaintiff and class members immediately, and in no event later than seven days after the date of the Court's order;

b)     The Court issue a writ of mandamus that compels Defendants to issue EADs to Plaintiff and class members immediately, and in no event later than seven days after the date of the Court's order;

c)     The Court enter preliminary and permanent injunctions that require Defendants to issue EADs promptly after approving Applications for Employment Authorization, and in no event later than seven days after the date of such approval;

d)     The Court issue a declaration that Defendants have violated their obligations under 8 C.F.R. § 274a.13(b) and the Due Process Clause of the Fifth Amendment to the United States Constitution;

e)     Plaintiff and class members recover their reasonable attorneys' fees and costs; and

f)     Plaintiff and class members have such other and further relief that the Court deems just and equitable.

Respectfully submitted,

s/ Robert H. Cohen
Robert H. Cohen, Trial Attorney (0009216)
Caroline H. Gentry (0066138)
David P. Shouvlin (0066154)
Porter Wright Morris & Arthur LLP
41 South High Street, Suites 2800-3200
Columbus, OH 43215
Telephone:  614.227.2066
Email:  rcohen@porterwright.com

Counsel for the Plaintiff

## VERIFICATION

I, Ranjitha Subramanya, declare under penalty of perjury under the laws of the United States that upon my personal knowledge and review of documents, the allegations of fact contained in the foregoing Verified Complaint are true and correct to the best of my knowledge and belief.

Executed this 21st day of July, 2020.

_____
Ranjitha Subramanya

## LIST OF ATTACHMENTS

| Exhibit | Description of Exhibit |
|---|---|
| A | Form I-797C, Notice of Action: Receipts for Form I-539, Application to Extend Nonimmigrant Status and Form I-765, Application for Employment Authorization |
| B | Form I-797C, Notice of Action: Appointment Notice for Biometrics |
| C | Form I-797C, Notice of Action: Approval of Applications to Extend H-4 nonimmigrant status and Employment Authorization (April 7, 2020 and July 7, 2020) |
| D | Correspondence from USCIS in response to Counsel's inquiry regarding non-issuance of EAD, May 18, 2020 and July 8, 2020 |

13438894v3