UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANJITHA SUBRAMANYA, individually and on behalf of a class of those similarly situated, et al., | : : : | Case No. _____ |
| | : | Judge _____ |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | PLAINTIFFS' ***URGENT*** MOTION FOR |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | : : | CLASS CERTIFICATION |
| | : | |
| Defendants. | : | |

Plaintiffs have sought mandatory injunctive relief on behalf of themselves and a proposed class of "aliens who reside in the United States and have submitted an Application for Employment Authorization that has been approved by USCIS, but who have not received an Employment Authorization Document (EAD)." (Amended Motion for Temporary Restraining Order ("TRO Motion"), Doc. #34, PageID #171.) Pursuant to Fed. R. Civ. P. 23 and S.D. Ohio Civ.R. 7.1(b)(3),[1] Plaintiffs now file this ***Urgent*** Motion For Class Certification ("Class Cert. Motion"). Plaintiffs request an immediate hearing and further request that the Court certify the proposed class as soon as possible, preferably when the Court rules on the TRO Motion.

This Court has the authority to grant the Class Cert. Motion. Fed. R. Civ. P. 23(c)(1)(A) directs the Court to rule on class certification "[a]t any early practicable time" after a lawsuit has been filed, and other federal courts have issued class certification orders before or at the time of issuing class-wide temporary restraining orders. Further, no prejudice will result because the Court can amend or alter its class certification order at any time. Fed. R. Civ. P. 23(c)(1)(C).

---

[1] S.D. Ohio Civ.R. 7.1(b)(3) permits this Court, for good cause shown, to "provide for an early hearing on any motion with or without the filing of memoranda by the parties."

Accordingly, because time is of the essence, Plaintiffs respectfully request that this Court grant this Class Cert. Motion on an expedited basis.  Plaintiffs also request that Caroline Gentry, Robert Cohen, David Shouvlin and Kirsten Fraser of Porter Wright Morris & Arthur, LLP be appointed as class counsel in this case.  Their biographies will be filed separately.

Respectfully submitted,

s/ Caroline H. Gentry
Caroline H. Gentry, Trial Attorney (0066138)
Porter Wright Morris & Arthur LLP
One South Main Street, Suite 1600
Dayton, Ohio 45402
Telephone:  937.449.6748 (work)
Telephone:  937.287.8983 (cell)
Facsimile:  937.449.6820
Email:  cgentry@porterwright.com

and

Robert H. Cohen (0009216)
David P. Shouvlin (0066154)
Kirsten R. Fraser (0093951)
Porter Wright Morris & Arthur LLP
41 South High Street, Suites 2800-3200
Columbus, OH 43215
Telephone:  614.227.2066
Facsimile:  614.227.2000
Email:  rcohen@porterwright.com
Email:  dshouvlin@porterwright.com
Email:  kfraser@porterwright.com

*Counsel for Plaintiffs*

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## *URGENT* MOTION FOR CLASS CERTIFICATION

This lawsuit seeks immediate mandatory injunctive relief on behalf of Plaintiffs and a proposed class of approximately 75,000 aliens who reside in the United States and submitted an Application for Employment Authorization that was approved by USCIS, but who have not received an Employment Authorization Document (EAD). Federal law requires Defendants to issue EADs after approving applications for employment authorization. 8 C.F.R. § 274a.13(b). Plaintiffs and class members have been seriously and irreparably harmed by Defendants' significant delay and/or failure to issue EADs—documents that they need to work lawfully— which failure followed Defendants' cancellation of USCIS's contract with a printing company.

Plaintiffs now file this *Urgent* Motion For Class Certification ("Class Cert. Motion") and request certification of the proposed class under Fed. R. Civ. P. 23(b)(2). All five Plaintiffs satisfy all of the requirements for class certification. They are members of the proposed class and have suffered the same injuries as the putative class members. The proposed class is numerous (an estimated 75,000 class members); there are common questions of law and fact; Plaintiffs' claims are typical of the claims of the proposed class; and both Plaintiffs and their counsel will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Further, the evidence submitted to date establishes that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Accordingly, because time is of the essence, Plaintiffs respectfully request that this Court grant this Class Cert. Motion on an expedited basis. Plaintiffs also request that Caroline Gentry, Robert Cohen, David Shouvlin and Kirsten Fraser of Porter Wright Morris & Arthur, LLP be appointed as class counsel in this case.

## I.     STATEMENT OF FACTS.

### A.     Plaintiffs And Class Members Must Provide USCIS-Issued Employment Authorization Documents To Employers Before They Can Lawfully Work.

The law requires every person or entity that hires an individual for employment to insist upon documentation sufficient to verify their identity and their authorization to work lawfully in the United States.  *See, e.g.*, 8 U.S.C. § 1324a(a)(1)(B)(i); 8 C.F.R. § 274a.2.  Non-compliant employers face civil and criminal penalties.  8 U.S.C. § 1324a(e) and (f); 8 C.F.R. § 274a.10.

To obtain such documentation, non-citizen aliens such as Plaintiffs and class members must submit an Application for Employment Authorization to USCIS.  8 C.F.R. §§  274a.12(c) & 274a.13(a).  The decision to approve these applications is within USCIS's discretion.  8 C.F.R. § 274a.13(a)(1).  Once USCIS has approved an application, however, it has a mandatory, discrete and non-discretionary duty to issue an EAD to the applicant: "If the application is granted, the alien ***shall be*** notified of the decision and ***issued an employment authorization document*** valid for a specific period and subject to any terms and conditions as noted."  8 C.F.R. § 274a.13(b) (emphasis added).  On its website, USCIS provides the following exemplar of an EAD, which is a physical card that is approximately the size of a driver's license:[2]

 

---

[2] These images were downloaded from the following URL on July 21, 2020: https://www.uscis.gov/i-9-central/form-i-9-acceptable-documents

**B.    USCIS Approved Plaintiff Ranjitha Subramanya's Application On April 7, 2020, But Defendants Did Not Issue Her EAD Until July 23, 2020—The Day After She Filed This Lawsuit.**

Plaintiff Ranjitha Subramanya is a native and citizen of India who lawfully resides in the United States in Westerville, Ohio in valid H-4 nonimmigrant status.  (Declaration of Ranjitha Subramanya ("Subramanya Decl."), Doc. #3, PageID #63, ¶¶ 1-2.)  She applied for an extension of her H-4 nonimmigrant status and an extension of her employment authorization on December 23, 2019.  (*Id*.)  She attended an appointment on January 17, 2020, that permitted USCIS to capture her biometric identifiers.  (First Amended Complaint ("Compl."), Doc. #17, PageID #113, ¶ 30.)  On April 7, 2020, USCIS approved her applications and extended her H-4 status and work authorization until June 7, 2023.  (Subramanya Decl., Doc. #3, PageID # ¶ 2.)  But Defendants did not issue her EAD, despite the fact that USCIS has historically mailed EADs to successful applicants within 48 hours of approval.  (Compl., Doc. #17, PageID #113, ¶ 31-32.)

Plaintiff Subramanya had to stop working on June 7, 2020, because she did not have her EAD.  (Subramanya Decl., Doc. #3, PageID #64, ¶ 8.)  Worse, her employer informed her she would permanently lose her job if she did not have her EAD by August 9, 2020.  (*Id*.)  Plaintiff Subramanya and her counsel implored USCIS to issue her EAD on numerous occasions, all without success.  (Subramanya Decl., Doc. #3, PageID #63-64, ¶¶ 4-7, 9-11; Declaration of Catherine Kang ("Kang Decl."), Doc. #4, PageID #65-67, ¶¶ 2-7.)  Senator Rob Portman's office also contacted USCIS on Plaintiff's behalf, without success.  (Kang Decl., Doc. #4, PageID #65-66, ¶¶ 4, 7 & Exh. E.)  On July 21, 2020, Senator Portman advised Plaintiff that "[u]nfortunately, according to [USCIS] officials, they are far behind in card production…. USCIS says that they are unable to expedite the printing of your card."  (*Id*., PageID #66, ¶ 7 & Exh. E.)  She filed this lawsuit the next day.  (Compl., Doc. #17, PageID #115, ¶ 46.)  USCIS issued her EAD the very next day, on July 23, and she received it on July 27 by priority mail.  (*Id*.)

### C. USCIS Approved Plaintiff Carlos Francisco Rodriguez Martinez's Application On June 5, 2020, But Defendants Still Have Not Issued His EAD.

Plaintiff Carlos Francisco Rodriguez Martinez is a citizen of Honduras who lawfully resides in the United States in Trenton, New Jersey while his application for asylum is pending. (Declaration of Plaintiff Rodriguez Martinez ("R-M Decl."), Doc. #27, PageID #151, ¶¶ 1-2.) USCIS approved Plaintiff Rodriguez Martinez's Application for Employment Authorization several weeks ago, on June 5, 2020, but he still has not received his EAD. (*Id*., ¶¶ 2-3.) His immigration attorney has taken numerous actions to persuade USCIS to issue his EAD, none of which have been successful. (*Id*., PageID #151-152, ¶ 5.)

### D. USCIS Approved Plaintiff Lucrecia Rosa Ramos's Application On May 18, 2020, But Defendants Still Have Not Issued Their EAD.

Plaintiff Lucrecia Rosa Ramos is a citizen of Guatemala who lawfully resides in the United States in Los Angeles, California while their application for asylum is pending. (Declaration of Plaintiff Lucrecia Rosa Ramos ("Ramos Decl."), Doc. #32, PageID #163, ¶¶ 1-2.) Plaintiff Ramos is a gender non-binary person who uses the pronouns "they" and "them." (*Id*., ¶ 1.) USCIS approved Plaintiff Ramos's Application for Employment Authorization on May 18, 2020, but they still have not received their EAD. (*Id*., PageID #163-164, ¶¶ 4-5.)

### E. USCIS Approved Plaintiff Kebin Antonio Palma Sanchez's Application On May 18, 2020, But Defendants Still Have Not Issued His EAD.

Plaintiff Kebin Antonio Palma Sanchez is a citizen of Honduras who lawfully resides in the United States in Los Angeles, California while his application for asylum is pending. (Declaration of Plaintiff Kebin Antonio Palma Sanchez ("Sanchez Decl."), Doc. #33, PageID #167, ¶¶ 1-2.) USCIS approved Plaintiff Sanchez's Application for Employment Authorization on May 18, 2020, but he still has not received his EAD. (*Id*., PageID #168, ¶¶ 5-6.)

**F.     USCIS Approved Plaintiff Rene Kejang Ngenkeng's Application On June 5, 2020, But Defendants Still Have Not Issued His EAD.**

Plaintiff Rene Kejang Ngenkeng is a citizen of Cameroon who lawfully resides in the United States in Columbus, Ohio while his asylum application is pending. (Declaration of Plaintiff Rene Kejang Ngenkeng ("Ngenkeng Decl."), Doc. #36, PageID #221, ¶¶ 1-2.) USCIS approved his Application for Employment Authorization on April 9, 2020, but he still has not received his EAD. (*Id*., PageID #221, ¶¶ 3-4.) Plaintiff Ngenkeng has called the USCIS customer service number many times, and each time is told something different. (*Id*., ¶ 5.) He most recently called USCIS last week and was told to call back if he did not have his card by September 14, 2020. (*Id*., PageID #221-222, ¶ 5.)

**G.     Numerous Putative Class Members Have Submitted Declarations That Establish Their Membership In The Proposed Class.**

In addition to the five named Plaintiffs who have filed declarations, a number of putative class members have submitted declarations that establish their membership in the proposed class. These putative class members include: Andrea La Manna (Doc. #5, PageID #81-83); Wajdi M. Ammarah (Doc. #18, PageID #130-131); Yoan Martinez Ayala (Doc. #19, PageID #132-134); Sirlene Moura Da Costa (Doc. #20, PageID #135-136); Nicolas Joseph Bell Fabregat (Doc. #21, PageID #137); Abraham Blay Gayetaye (Doc. #22, PageID #138-139); Mohsen Haghighatpour (Doc. #23, PageID #140-143); Syeda Fareeza Karimushan (Doc. #24, PageID #144-145); Meng Huan Lee (Doc. #25, PageID #146-148); Ching-Min Lin (Doc. #26, PageID #149-150); Richard Patrick McNulty (Doc. #28, PageID #154-155); Swetha Muralidhara (Doc. #29, PageID #156-157); and Tania Patricia Carcamo Oseguera (Doc. #30, PageID #158-159).

Two of these putative class members also provided evidence that their family members are included in the proposed class. Ms. Da Costa averred that her husband, Norberto Bernardes Da Fonseca, is also a putative class member. (Doc. #20, PageID #135-136, ¶¶ 1-4.) Pastor

Abraham Blaye Gayetaye averred that his two children are also putative class members. (Doc. #22, PageID #138, ¶¶ 1-4.)

Accordingly, Plaintiffs have filed evidence relating to sixteen putative class members. Further, Plaintiffs are continuing to receive declarations from other putative class members. At this point in the litigation, Plaintiffs plan to continue to file such declarations as they come in.

### H. Defendants Apparently Withheld EADs From Plaintiffs And Class Members Because They Terminated USCIS's Contract With A Printing Company.

Plaintiffs, class members, and their counsel have been perplexed by USCIS's failure to provide EADs. On July 9, 2020, a Washington Post opinion columnist reported that a backlog of 75,000 EADs was created by USCIS's termination of its contract with a printing company without having a viable backup plan. (July 9, 2020 Washington Post Article ("Article"), Doc. #2-3, PageID #55-60) Specifically, "[p]roduction was slated to be insourced, but 'the agency's financial situation,' USCIS said Thursday, prompted a hiring freeze that required it to ratchet down printing." (*Id.*, PageID #55.) The Office of the Citizenship and Immigration Services Ombudsman subsequently confirmed the Washington Post's reporting (July 21, 2020 Ombusdman's Alert: Card Production Delays at USCIS, Doc. #2-4, PageID #61-62.)

## II. LAW AND ARGUMENT.

### A. Plaintiffs Satisfy The Requirements For Certifying The Proposed Class Under Federal Rules of Civil Procedure 23(a) and 23(b)(2).

Plaintiffs seek to certify the following nationwide class:

All aliens who reside in the United States and have submitted an Application for Employment Authorization that has been approved by USCIS, but who have not received an EAD.

This Court has substantial discretion to grant or deny a motion for class certification. *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 559 (6th Cir. 2007). This Court also has broad

discretion to revisit a grant of class certification at any point during the legal proceedings.  Fed.
R. Civ. P. 23(c)(1)(C); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 520 (6th Cir. 2015).

There are six prerequisites to class certification.[3]  First, there is an implicit requirement
that Plaintiffs "be part of the class and 'possess the same interest and suffer the same injury' as
the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49, 131 S. Ct. 2541, 180
L.Ed.2d 374 (2011) (citation omitted).  Next, Plaintiffs must show that the proposed class
satisfies all four requirements in Fed. R. Civ. P. 23(a): numerosity, commonality, typicality and
adequacy.  Finally, Plaintiffs must meet the requirements of one of the three prongs of Fed. R.
Civ. P. 23(b).  Here, Plaintiffs seek to certify a class under Fed. R. Civ. P. 23(b)(2).

"Class certification is appropriate if the [district] court finds, after conducting a 'rigorous
analysis,' that the requirements of Rule 23 have been met." *In re Whirlpool Corp. Front-
Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851 (6th Cir. 2013) (citation omitted).  "On
occasion 'it may be necessary for the court to probe behind the pleadings before coming to rest
on the certification question.'" *Id*. (citation omitted).  However, courts are not always required
"to probe behind the pleadings … because sometimes there may be no disputed factual and legal
issues that strongly influence the wisdom of class treatment." *Gooch v. Life Investors Ins. Co. of
Am.*, 672 F.3d 402, 417 (6th Cir. 2012).

While the Court's analysis may overlap with the merits of the substantive claims, the
parties and the Court do not have a "license to engage in free-ranging merits inquiries at the
certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466, 133 S. Ct.
1184, 185 L.Ed.2d 308 (2013).  Instead, "[m]erits questions may be considered to the extent—
*but only to the extent*—that they are relevant to determining whether the Rule 23 prerequisites

---

[3] Ascertainability is another implicit prerequisite to class certification but is not required for classes that are certified
under Rule 23(b)(2) for injunctive and declaratory relief.  *Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir.
2016).  Here, because Plaintiffs are only seeking certification under Rule 23(b)(2), ascertainability is not required.

for class certification are satisfied." *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 505 (6th Cir.

2015) (emphasis in original) (quoting *Amgen*, 133 S. Ct. at 1194-95).

> ### 1. *Plaintiffs are members of the proposed class; they also possess the same interest and suffer the same injury as putative class members.*

The first prerequisite to class certification is the implicit requirement that Plaintiffs are

"part of the class and 'possess the same interest and suffer the same injury' as the class

members." *Dukes*, 564 U.S. at 348-49 (citation omitted).  This prerequisite only requires

Plaintiffs to show that they "*can prove*," not to show that they have already proven, that all

putative class members have the same interest and have suffered the same injury.  *Rikos*, 799

F.3d at 505 (emphasis in original) (citing *Dukes*, 131 S. Ct. at 2551).

As of the date of this Class Cert. Motion, four Plaintiffs are members of the proposed

class.  That is, each of them is an "alien[] who reside[s] in the United States and ha[s] submitted

an Application for Employment Authorization that has been approved by USCIS, but who ha[s]

not received an EAD."  (Compl., Doc. #17, Page ID #119, ¶ 72 (proposed class definition).)

Plaintiff Rodriguez Martinez's Application for Employment Authorization was approved on June

5, 2020, but he still has not received his EAD.  (R-M Decl., Doc. #27, PageID #151, ¶¶ 2-3.)

Plaintiff Ramos's Application for Employment Authorization was approved on May 18, 2020,

but they still have not received their EAD.  (Ramos Decl., Doc. #32, PageID #163-164, ¶¶ 4-5.)

Plaintiff Sanchez's Application for Employment Authorization was approved on May 18, 2020,

but he still has not received his EAD.  (Sanchez Decl., Doc. #33, PageID #168, ¶¶ 5-6.) And

Plaintiff Ngenkeng's Application for Employment Authorization was approved on April 9, 2020,

but he still has not received his EAD.  (Ngenkeng Decl., Doc. #36, PageID #221, ¶¶ 3-4.)

Further, although Plaintiff Subramanya is not a member of the proposed class as of the

date of this Class Cert. Motion (because Defendants granted her the requested relief promptly

after she filed this lawsuit), she was a class member on the date she filed the Complaint.  She can

therefore be a class representative if an exception to the mootness doctrine applies.  As discussed

below, the "inherently transitory" and "picking off" exceptions both apply here.  Therefore, this

Court should find that all five Plaintiffs are members of the proposed class, and that they all

possess the same interest and suffer the same injury as the putative class members.

> ## 2.      *The proposed class is so numerous that joinder is impracticable.*

The second prerequisite to class certification is numerosity, which requires that joinder of

all putative class members be impracticable.  Fed. R. Civ. P. 23(a)(1); *Young v. Nationwide Mut.

Ins. Co.*, 693 F.3d 532, 541 (6th Cir. 2012).  Joinder need only be impracticable, not impossible.

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  The proposed class representative

is not required to know the exact number of class members, *Senter v. General Motors Corp.*, 532

F.2d 511, 523 n.24 (6th Cir. 1976), and numerosity may be proven by the Defendants' ongoing

practices.  *Putnam v. Davies*, 169 F.R.D. 89, 93 (S.D. Ohio 1996).  A substantial number of

putative class members is sufficient to meet this requirement.  *In re Whirlpool*, 722 F.3d at 852;

*Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 608 (S.D. Ohio 2003).

Plaintiffs have established numerosity.  In just one week after Plaintiff Subramanya filed

this lawsuit, four named Plaintiffs were added and declarations regarding sixteen putative class

members were filed—all of which shows the existence of numerous class members.  Plaintiffs

allege that Defendants are deliberately delaying or refusing to issue EADs (Compl., Doc. #17,

Page ID #108-109, ¶¶ 5-6 & 9-10), and numerosity is satisfied by such allegations of government

policy.  *Putnam*, 169 F.R.D. at 93.  Plaintiffs have provided evidence—namely, the Alert from

the USCIS Ombudsman (Alert, Doc. #2-4, Page ID #61-62) and letters from Senator Portman

(Kang Decl., Doc. 4-5, Page ID #79-80, Ex. E)—that show Defendants' alleged actions have

created a sizable backlog that affects a substantial number of people.  *In re Whirlpool*, 722 F.3d

at 852; *Bovee*, 216 F.R.D. at 608. And Plaintiffs provided a Washington Post article that claims there are 75,000 class members. (Article, Doc. #2-3, Page ID #55-60). Taken separately and together, these allegations and this evidence satisfy the numerosity requirement.

### 3. There are common questions of law or fact.

The third prerequisite to class certification requires "questions of law or fact common to the proposed class." Fed. R. Civ. P. 23(a)(2). Despite the Rule's use of the word "questions," "there need be only one common question to certify a class." *In re Whirlpool*, 722 F.3d at 853. "To demonstrate commonality, the plaintiffs' 'claims must depend on a common contentions … of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Young*, 693 F.3d at 542 (quoting *Dukes*, 564 U.S. at 350). For example, "the commonality requirement will be satisfied as long as the members of the class have allegedly been affected by a general policy of the Defendant and the general policy is the focus of the litigation." *Bovee*, 216 F.R.D. at 608. Notably, commonality "is not undermined when a party concedes an issue, or the issue is resolved in the plaintiffs' favor." *Hicks v. State Farm Fire & Cas. Co.*, Case No. 19-5719, 2020 U.S. App. LEXIS 21446, at *10 (6th Cir. July 10, 2020).

Here, commonality exists because there are several questions of law and fact that are both common to class members' claims and are capable of class-wide resolution of those claims:

a.  Whether Defendants have significantly slowed and/or stopped issuing EADs after approving Applications for Employment Authorization;

b.  Whether Defendants failed to issue EADs to Plaintiffs and class members because they terminated USCIS's printing contract with a third party, without having any intention or plan to replace that printing contract with another contract or method that would allow Defendants to print and issue EADs in a timely manner;

c.  Whether Defendants' actions and failures to act have caused irreparable injury to Plaintiffs and class members;

d.  Whether Defendants' failure to issue EADs to Plaintiffs and class members violates 8 C.F.R. § 274a.13(b);

e.  Whether Defendants' failure to issue EADs to Plaintiffs and class members violates 5 U.S.C. § 555(b);

f.  Whether Defendants' failure to issue EADs to Plaintiffs and class members constitutes final agency action;

g.  Whether Defendants failed to take a discrete agency action that they are required to take;

h.  Whether Defendants' failure to issue EADs to Plaintiffs and class members is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

i.  Whether Defendants' failure to issue EADs to Plaintiffs and class members is contrary to a constitutional right, power, privilege, or immunity, including the substantive due process guarantee inherent in the Due Process Clause of the Fifth Amendment to the United States Constitution;

j.  Whether Defendants have abused their power in an egregious and outrageous manner, without any reasonable justification in the service of a legitimate governmental objective, and with either an intention to harm Plaintiffs and class members or deliberate indifference;

l.  Whether Defendants' failure to issue EADs to Plaintiffs and class members is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

m.  Whether this Court should compel Defendants to issue EADs, which action has been unlawfully withheld and/or unreasonably delayed;

n.  Whether this Court should hold that Defendants acted unlawfully when they failed to issue EADs to Plaintiffs and class members;

o.  Whether Plaintiffs and class members have a clear right to relief;

p.  Whether Defendants have a clear, non-discretionary, mandatory and ministerial legal duty to issue EADs to Plaintiffs and class members;

q.  Whether no other adequate remedy is available to Plaintiffs and class members; and

r.  Whether this Court should issue a mandatory temporary restraining order, writ of mandamus, preliminary and permanent injunctive relief, and/or declaratory relief requiring Defendants to issue EADs to Plaintiffs and class members immediately, and in no event later than seven days after the Court's order.

(Compl., Doc. #17, Page ID #119-121, ¶ 74.)

### 4.  *Plaintiffs' claims are typical of the claims of putative class members.*

The fourth prerequisite to class certification requires that Plaintiffs' claims and defenses be typical of the claims and defenses of the putative class members.  Fed. R. Civ. P. 23(a)(3). The typicality requirement ensures "that the representatives' interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members."  *In re Whirlpool*, 722 F.3d at 852-53.  Typicality is established if "the class members' claims are fairly encompassed by the named plaintiffs' claims."  *Id*. at 852 (internal quotations and citation omitted); *e.g.*, *Beattie*, 511 F.3d at 561-62 (typicality met where claims of named plaintiffs and class members arose from the same conduct and were premised on the same allegations).

Here, the typicality requirement is met because the claims of Plaintiffs and the putative class members all arose from the same conduct by Defendants and Plaintiffs' pursuit of their

own interests will be aligned and intertwined with their advocacy for the interests of the class. *In re Whirlpool*, 722 F.3d at 852-53; *Beattie*, 511 F.3d at 561-62.

      **5.**      ***Plaintiffs and their counsel will fairly and adequately protect the interests of the class.***

      The fifth prerequisite to class certification is that the proposed class representatives and their counsel will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). To meet this requirement, Plaintiffs must show that (1) they have common interests with putative class members; and (2) they will vigorously prosecute the interests of the class through qualified counsel. *Young*, 693 F.3d at 543. Also, there must not be a conflict between the representatives and putative class members. *Smith v. Babcock*, 19 F.3d 257, 265 n.13 (6th Cir. 1994).

      Plaintiffs satisfy these requirements. Their interests and the interests of the putative class members are entirely aligned and intertwined. Their claims all arise from the same conduct by Defendants that injures the entire class. Plaintiffs seek relief that will equally benefit them and the class. And they have no conflict with or interests antagonistic to the putative class members.

      In addition, Plaintiffs have retained counsel who are well-experienced with the applicable law, have the experience and knowledge to provide able representation to the proposed class, and have a track record of vigorously pursuing the interests of their clients:

- Caroline H. Gentry is a litigation partner with Porter Wright Morris & Arthur, LLP and a former federal law clerk. She has been recognized by *The Best Lawyers in America*® in the area of Commercial Litigation and by *Ohio Super Lawyers*® in the area of Business Litigation, including its Top 25 Women in Cincinnati in 2020. She is the former Chair and Co-Chair of Porter Wright's Class Action Practice Group and has extensive experience with class actions, including being appointed by this Court as class counsel in two immigrant civil rights cases: *Community Refugee &*

*Immigration Servs. v. Registrar, Ohio Bur. of Motor Vehicles*, Case No. 2:18-cv-1189, 2020 U.S. Dist. LEXIS 29279, at *26 (S.D. Ohio Feb. 20, 2020); *Intercomm. Justice & Peace Ctr. v. Registrar, Ohio Bur. of Motor Vehicles*, Case No. 2:18-cv-1247, 2020 U.S. Dist. LEXIS 29278, at *28-29 (S.D. Ohio Feb. 20, 2020).

- Robert H. Cohen is an immigration partner with Porter Wright Morris & Arthur, LLP. He has extensive experience with all aspects of business and family immigration procedures. He has been listed in *The Best Lawyers in America*® every year since 1997 in the area of Immigration Law, and in 2015 he was named *Best Lawyers*® Immigration Law "Lawyer of the Year" for Columbus, Ohio. He has served as chapter chair and is a past chair of the USCIS Benefits Committee and the Board of Trustees of the American Immigration Council.

- David P. Shouvlin is a litigation partner with Porter Wright Morris & Arthur, LLP and serves as the Firm's pro bono coordinator. He has taught as an adjunct clinical professor at Wake Forest University School of Law, has served as an advisor at Harvard Law School in the Trial Practice Program, and has taught classes on patent litigation, commercial disputes and trial practice at The Ohio State University's Moritz School of Law. He has significant class action experience and was appointed by this Court as class counsel in two immigrant civil rights cases: *Community Refugee & Immigration Servs. v. Registrar, Ohio Bur. of Motor Vehicles*, Case No. 2:18-cv-1189, 2020 U.S. Dist. LEXIS 29279, at *26 (S.D. Ohio Feb. 20, 2020); *Intercomm. Justice & Peace Ctr. v. Registrar, Ohio Bur. of Motor Vehicles*, Case No. 2:18-cv-1247, 2020 U.S. Dist. LEXIS 29278, at *29 (S.D. Ohio Feb. 20, 2020).

14

- Kirsten Fraser is a litigation senior associate with Porter Wright Morris & Arthur LLP. She graduated from The George Washington University Law School in 2013 and has been recognized by Ohio Super Lawyers® as a Rising Star (2019-2020).

Therefore, Plaintiffs have shown that they will be fair and adequate class representatives and that their counsel will fairly and adequately represent the interests of the class.

> **6. Defendants have acted or refused to act on grounds that apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.**

The sixth and final prerequisite to class certification is that one of the prongs of Rule 23(b) is satisfied. Here, Plaintiffs seek class certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Certification under Rule 23(b)(2) is appropriate where "the common claim is susceptible to a single proof and subject to a single injunctive remedy." *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). And although Rule 23(b)(2) refers to "final" injunctive relief, it "does not restrict class certification to instances when final injunctive relief issues; it only requires that final injunctive relief be appropriate." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Class-wide injunctive relief is appropriate here because Defendants have "acted or refused to act on grounds that apply generally to the class." Specifically, Defendants canceled their contract with a third party printing company and are unable or unwilling to print and issue EADs to Plaintiffs and class members, thereby causing them irreparable harm and violating the laws and Constitution of the United States. The claims asserted by Plaintiffs and the putative class are "subject to a single injunctive remedy" consisting of a mandatory injunction requiring Defendants to print and issue the EADs immediately, and in no event later than seven calendar

days after entry of the order. *Senter*, 532 F.2d at 525. Plaintiffs have therefore met their burden of showing that Rule 23(b)(2) certification is appropriate and proper in this case.

**B.** **This Court Is Authorized To Certify The Proposed Class At The Outset Of This Lawsuit, Either Before Or At The Time Of Ruling On Plaintiffs' Amended Motion For Temporary Restraining Order.**

By its terms, Fed. R. Civ. P. 23(a)(1)(A) directs federal direct courts to decide the issue of class certification "at an early practicable time." Although it is uncommon for federal district courts to certify a class before issuing a class-wide temporary restraining order, courts have not hesitated to employ this approach where it is appropriate and necessary to do so.[4]

For example, several federal district courts have recently certified classes and issued (or considered issuing) temporary restraining orders in cases that allege class members are at a high risk of contracting COVID-19. *E.g.*, *Busby v. Bonner*, Case No. 20-cv-2359, 2020 U.S. Dist. LEXIS 102132, at *2-3 (W.D. Tenn. June 10, 2020) (granting in part motion for class certification prior to ruling on motion for temporary restraining order in class action brought by pretrial detainees at high risk of contracting COVID-19); *Ahlman v. Barnes*, Case No. SACV 20-835, 2020 U.S. Dist. LEXIS 96023, at *3 (C.D. Cal. May 26, 2020) (granting motion for provisional class certification and granting in part motion for temporary restraining order in class action brought by jail inmates at a high risk of contracting COVID-19); *Rivas v. Jennings*, Case No. 20-cv-02731, 2020 U.S. Dist. LEXIS 76788, at *2 (N.D. Cal. Apr. 29, 2020) (granting motion for provisional class certification and motion for temporary restraining order in class action brought by ICE detainees at a high risk of contracting COVID-19).

---

[4] While some courts denominate this relief as "provisional" class certification, Rule 23 does not provide such a category and these same courts apply the traditional standards for determining whether to certify a class. *See, e.g.*, *Meyer*, 707 F.3d at 1041-42 (noting that plaintiff had the burden of meeting the requirements of Rule 23 to obtain provisional class certification, including commonality, typicality, etc.). Therefore, this Court should apply the traditional standards that apply under Fed. R. Civ. P. 23 and governing case law.

**C.     Plaintiffs' Class Claims Are Not Moot.**

Defendants argue that this Court must dismiss Plaintiff Subramanya's claims, and deny Plaintiffs' request for class certification, because Defendants rendered this lawsuit moot by issuing her EAD. This argument is obviously not well-taken with respect to the four additional named Plaintiffs; their claims are not moot and they have the necessary standing to serve as class representatives. But this argument is also not well-taken with respect to Plaintiff Subramanya.

Article III of the United States Constitution requires "an actual controversy … at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L.Ed.2d 272 (1975). Cases will become moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L.Ed.2d 479 (1980).

However, the mootness doctrine is "flexible" in class actions. *Wilson v. Gordon*, 822 F.3d 934, 942 (6th Cir. 2016) (quoting *Geraghty*, 445 U.S. at 400). Thus, although Plaintiff Subramanya's claim became moot before she filed her motion for class certification, she can still attempt to show that an exception to mootness applies. *See, e.g., Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672, 193 L.Ed.2d 571 (2016) ("While a class lacks independent status until it is certified, a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted."); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386-387 (S.D. Ohio 2008); *Steigerwald v. Comm'r of Soc. Sec.*, Case No. 1:17-CV-1516, 2018 U.S. Dist. LEXIS 7474, at *17-19 (N.D. Ohio Jan. 17, 2018). If it does, then this Court can "relate back" the Class Cert. Motion to the date that this lawsuit was filed and certify the class as of that date, when Plaintiff Subramanya's claim was not moot. *Richardson v. Dir. Fed. Bureau of Prisons*, 829 F.3d 273, 276, 279, 283, 286 (3rd Cir. 2016); *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1147 (9th Cir. 2016). She could then serve as a class representative.

Two exceptions to the mootness doctrine apply here. First, the "inherently transitory" exception will apply if: "(1) the injury is so transitory that it would likely evade review by becoming moot before the district court can rule on class certification, and (2) it is certain other class members are suffering the injury." *Wilson*, 822 F.3d at 945. The declarations of putative class members satisfy the second element, and *Wilson* is dispositive on the first element.

In *Wilson*, eleven named plaintiffs filed a class action lawsuit against the State of Tennessee, alleging delay in processing Medicaid applications. 822 F.3d at 940-941. The day before the hearing on class certification, the State enrolled all of the named plaintiffs and many putative class members in the Medicaid program, thereby mooting their claims. *Id*. at 941. The district court nevertheless certified the class and issued a preliminary injunction. The Sixth Circuit affirmed, holding that the inherently transitory exception applied because "the State can quickly process a delayed application soon after litigation begins, and thus the duration of any plaintiff's claim is uncertain." *Id*. at 945. Here too, Defendants' ability to quickly issue an EAD to a named plaintiff is shown by their very prompt issuance of an EAD to Plaintiff Subramanya. This Court should therefore find that the "inherently transitory" exception to mootness applies.

This Court should also find that the "picking off" exception applies. This exception "prevent[s] defendants from strategically avoiding litigation by settling or buying off individual named plaintiffs in a way that 'would be contrary to sound judicial administration.'" *Unan v. Lyon*, 853 F.3d 279, 285 (6th Cir. 2017) (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339, 100 S. Ct. 1166, 63 L.Ed.2d 427 (1980)). It applies when (1) the timing is suspect, insofar as defendants refused to provide relief to plaintiffs before a class action lawsuit was filed but promptly provided relief after it was filed, and (2) defendants cannot show that "plaintiffs' claims became moot through an established, standardized procedure." *Unan*, 853 F.3d at 286.

The "picking off" exception plainly applies here. As to the first element, the timing is extremely suspect. USCIS refused to provide Plaintiff Subramanya's EAD over a long period of time, from April 7 to July 21, 2020, despite numerous attempts by Plaintiff, her counsel and U.S. Senator Rob Portman. (Subramanya Decl., Doc. #3, PageID #64-64, ¶¶ 4-7, 9-11; Kang Decl., Doc. #4, PageID #65-67, ¶¶ 2-7 & Exh. E.) Indeed, on July 21, 2020, the day before Plaintiff Subramanya filed this lawsuit, Senator Portman advised her that "[u]nfortunately, according to [USCIS] officials, they are far behind in card production…. USCIS says that they are unable to expedite the printing of your card." (Kang Decl., Doc. #4, PageID #66, ¶ 7 & Exh. E.) But a mere two days later—the day after she filed this lawsuit—USCIS printed her card. This evidence establishes that the timing of Defendants' action is extremely suspect.

Plaintiff Subramanya has also satisfied the second element. The evidence does not show that her claim became moot through Defendants' established and standardized procedure. To the contrary, the day before Plaintiff Subramanya filed this lawsuit, Senator Portman informed her that USCIS was "far behind in card production" and was "unable to expedite the printing of your card." (Kang Decl., Doc. #4, PageID #66, ¶ 7 & Exh. E.) This evidence of USCIS's established and standardized procedure shows that it did not provide any relief to Plaintiff Subramanya.

Accordingly, Plaintiff Subramanya has demonstrated that two exceptions to the mootness doctrine apply. This Court should therefore find that she can serve as a class representative and, further, "relate back" the date that the class is certified to the date that this lawsuit was filed.

### D. Plaintiffs Request That Their Counsel Be Appointed As Class Counsel.

Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs request that their counsel—Caroline Gentry, Robert Cohen, David Shouvlin and Kirsten Fraser—be appointed as class counsel. Counsels' experience and capabilities are described in the above discussion of the adequacy prerequisite and in their biographies, which will be filed separately. Plaintiffs' counsel have identified and

investigated potential claims in the action; have experience handling class actions, other complex litigation, and the types of claims asserted in this action; are knowledgeable about the applicable law; and will commit sufficient resources to representing the class.  Fed. R. Civ. P. 23(g)(A). Therefore, Plaintiffs respectfully request that their attorneys be appointed to represent the class.

## III.   CONCLUSION.

For the reasons stated, Plaintiffs request that the Court grant this Motion and issue an order certifying the proposed class and appointing Plaintiffs' counsel as class counsel.

Respectfully submitted,

s/ Caroline H. Gentry
Caroline H. Gentry, Trial Attorney (0066138)
Porter Wright Morris & Arthur LLP
One South Main Street, Suite 1600
Dayton, Ohio 45402
Telephone:  937.449.6748 (work)
Telephone:  937.287.8983 (cell)
Facsimile:  937.449.6820
Email:  cgentry@porterwright.com

and

Robert H. Cohen (0009216)
David P. Shouvlin (0066154)
Kirsten R. Fraser (0093951)
Porter Wright Morris & Arthur LLP
41 South High Street, Suites 2800-3200
Columbus, OH 43215
Telephone:  614.227.2066
Facsimile:  614.227.2000
Email:  rcohen@porterwright.com
Email:  dshouvlin@porterwright.com
Email:  kfraser@porterwright.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 29th day of July 2020, I filed a copy of the foregoing with the

Court's CM/ECF system, which will serve a copy upon all counsel of record.


s/  Caroline H. Gentry
Caroline H. Gentry


DAYTON/639979v.1